IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 21-CR-00596-WJ |
| | ) | |
| v. | ) | |
| | ) | |
| **ALEXIS RIEGO**, | ) | |
| | ) | |
| Defendant. | ) | |

### UNOPPOSED MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 16(d)(1), the United States moves for a protective order to restrict discovery. Specifically, the government seeks a protective order permitting the government to provide discovery containing medical information and personal identifying information to defense counsel and restricting its subsequent disclosure or retention. Defendant's attorney has been consulted about this motion and does not object to entry of the proposed protective order that is being submitted with this motion.

Defendant was charged by indictment on April 23, 2021, with four counts of involuntary manslaughter and two counts of assault resulting in serious bodily injury. Defendant is alleged to have recklessly crashed a commercial motor vehicle into a line of traffic, killing four and wounding several others. During the investigation, the FBI collected medical records and other documents displaying the victims' personal identifying information (PII).

On May 5, 2021, the Court arraigned Defendant. (Doc. 17). The parties are in the process of coordinating discovery. However, contained within the potential discovery are the alleged victims' medical records and PII. Redacting the potential discovery would be onerous and would substantially delay the discovery process. Furthermore, victims have the right to

reasonable protection from the accused. 18 U.S.C. § 3771.  Accordingly, the government respectfully requests that this Court enter a protective order:

    1.  Permitting the government to provide, without redaction, the medical records and PII of the alleged victims;

    2.  Ordering the defense team to safeguard and not disclose the medical records and PII, other than to the extent necessary to prepare the defense;

    3.  Ordering that Defendant not be allowed to retain the medical records and PII of the victims during the course of the litigation (although Defendant is entitled to review the materials with his counsel or members of his defense team);

    4.  Ordering the parties to ensure that the medical records and PII is redacted from any documents filed with the court (unless filed under seal) and from any exhibits offered at trial; and

    5.  Ordering counsel for Defendant to collect from the defense team and retain in an appropriate manner the medical records and PII of the victims immediately after sentencing or acquittal in this matter.

    The United States has conferred with defense counsel and has been informed that Defendant does not object to the requested relief.

    Respectfully submitted:

    FRED J. FEDERICI
    Acting United States Attorney

    */s/ Filed Electronically*
    JOSEPH M. SPINDLE
    Assistant U.S. Attorney
    P.O. Box 607
    Albuquerque, New Mexico 87103
    (505) 346-7274

I HEREBY CERTIFY that on May 10, 2021, I filed the foregoing electronically through the CM/ECF system, which caused the below counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Filed Electronically*
Joseph M. Spindle, Assistant U.S. Attorney