IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. 21-CR-596 WPJ

ALEXIS RIEGO,

Defendant.

**DEFENDANT ALEXIS RIEGO'S UNOPPOSED MOTION TO DESIGNATE CASE AS COMPLEX**

COMES NOW, Alexis Riego, by and through his counsel of record, Erlinda O. Johnson, Esq., and hereby respectfully moves this Court for an order designating the above captioned matter as a complex case pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). As grounds, Mr. Riego submits the following reasons:

**INTRODUCTION**

1. The above captioned case is complex for the following reasons:
2. On or about September 7, 2019, Mr. Riego, while traveling on Interstate-40, was involved in a commercial motor vehicle accident which resulted in the deaths of four individuals who had been traveling in a separate vehicle.
3. Investigators began an investigation immediately on September 7, 2019.
4. The investigation lasted approximately 18 months, was extensive and complex, involving various experts for the analysis of electronic forensic data.
5. The discovery to be provided by the government is expected to be voluminous.
6. The defense anticipates that it will be necessary to carefully and meticulously analyze

and research any issues pertaining to the investigation, retain the services of experts to analyze the technical discovery and prepare for litigation.

7. Given the complexity of the case, involving a long-term investigation, complex legal issues that may be raised, it would only be prudent and fair for the defense to be afforded ample opportunity to carefully examine the voluminous discovery to be disclosed. These tasks cannot be accomplished within the time limits prescribed by 18 U.S.C. 3161, and thus it is necessary for this Court to declare this matter complex.

**ARGUMENT**

The Speedy Trial Act permits a Court to delay a case, beyond the 70-day period, where the Court sets forth reasons for finding that the ends of justice outweigh the interest in a speedy trial. Among the factors the Court may consider in connection with an exclusion of time is whether "[a] case is so unusual or so complex" that it would be "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within" the Speedy Trial Act time limits. 18 U.S.C. § 3161(h)(7)(B)(ii).

A Court may grant a motion to declare a case complex based upon the complexity of the discovery and the investigation required to adequately review and evaluate the evidence. Based upon the facts of this case, it is not reasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act and therefore, it is necessary for the Court to designate the case complex.

Additionally, given the complex nature of the investigation, it would be unreasonable to expect the parties to prepare adequately for pretrial matters or for trial within in the time limits established by the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). In this case, the voluminous and technical discovery, the length of the investigation and the need for various

technical experts, constitutes an "unusual ... nature of prosecution." 18 U.S.C. § 3161(h)(7)(B)(ii).

It is not unreasonable to designate the case complex in order to allow the defense to thoroughly prepare and analyze the government's case against the defendant. The government investigated the case for over 18 months before presenting it before the grand jury. It is only reasonable that the defense be afforded the same opportunity to analyze and test the government's case. The parties respectfully request the Court vacate the trial currently scheduled for July 6, 2021. Should the court grant this motion, the parties will submit a proposed scheduling order for the Court's review and authorization.

The government through Assistant U.S. Attorney Joseph Spindle advised the government does not oppose the relief requested herein.

Wherefore, for the foregoing reasons, Mr. Riego respectfully requests this Court designate the case complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).

Respectfully Submitted,

electronically filed 5/11/21.
Erlinda O. Johnson
Attorney for Alexis Riego
620 Roma Ave. N.W.
Albuquerque, NM 87102
(505) 792-4048

I hereby certify that a true
And correct copy of the foregoing
Was provided to AUSAs Rozzoni and
Spindle and on this 11th day of May 2021.

______/s/________________
Erlinda O. Johnson
Attorney at Law

4