UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         Criminal No. 21-596 WJ

ALEXIS RIEGO,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S THIRD MOTION TO SUPPRESS EVIDENCE

**THIS MATTER** comes before the Court upon Defendant's Third Motion to Suppress Evidence (Doc. 37), filed January 31, 2022. Having reviewed the parties' pleadings and the applicable law, this Court **DENIES** the motion.

## DISCUSSION

Defendant is charged with involuntary manslaughter and assault. He was working as a truck driver while driving on I-40 through the Laguna Pueblo reservation on September 7, 2019. He allegedly crashed into several vehicles, which killed four people and seriously injured two otehrs. Parties dispute the cause of the crash. There is no evidence that he was under the influence of drugs or alcohol, but the Government seeks to prove that Defendant was Facetiming his wife while driving. At the scene of the incident, Defendant was interrogated by Laguna Police Department Special Agent Kevin Perno and FBI Special Agent Ryan Kacher. These interrogations are discussed in the Court's Memorandum Opinions and Orders regarding Defendant's First and Second Motions to Suppress.

In the instant Motion, Defendant argues that evidence obtained from an FBI search of his tractor pursuant to a warrant be suppressed. He argues that the warrant contained statements obtained illegally from him and without them, the warrant was not supported by probable cause. He makes the same arguments contained in the First Motion to Suppress (Doc. 35) that the statements provided to Agent Perno and Agent Kacher were given without *Miranda* warnings and were involuntary. For the same reasons as already discussed in the Court's prior Opinion, the statements given to Agent Perno were un-Mirandized and should not have been included in the warrant. However, the statements given to Agent Kacher were proper and permitted to be included in the warrant. The Government cites *United States v. Patane* and *United States v. Ray*, arguing that even if the statements were taken in violation of *Miranda*, physical fruits (such as evidence found in the tractor/truck) derived from un-*Mirandized* conversations should not be suppressed. 542 U.S. 630 (2004); 799 F. App'x 599 (10th Cir. 2020). However, both of those cases involved un-Mirandized statements that led to the discovery of evidence absent a warrant. In this case, the un-Mirandized statements were included in the warrant, which is improper. *United States v. Hatfield*, 333 F.3d 1189, 1194 (10th Cir. 2003); *United States v. Sims*, 428 F.3d 945, 954 (10th Cir. 2005).

Nevertheless, after excluding the statements given to Agent Perno, the warrant was still supported by probable cause: It recites a witness statement that a large truck suddenly tried to slow down, then drove off the side of the road. It relays the statements given to Agent Kacher that Defendant identified himself as the driver of the truck which was the cause of the crash. It states that Defendant told Kacher he was driving 65 or 70 mph and took his eyes off the road for about one minute to check the logbook on his phone which was mounted on the dashboard. It states that Defendant relayed that when he looked up, he hit the brakes but it was too late. Even without the

improper statements given to Agent Perno, this warrant was supported by probable cause signifying that Defendant was driving recklessly which led to the injuries and fatalities.

Defendant argues that the good faith exception should not apply because the warrant lacked any indicia of probable cause. The Court need not address this argument since the warrant was supported by probable cause.

Therefore, for the foregoing reasons, Defendant's Third Motion to Suppress Evidence (Doc. 37) is hereby **DENIED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE