UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                      Criminal No. 21-596 WJ

ALEXIS RIEGO,

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART THE UNITED STATES' MOTION TO EXCLUDE TESTIMONY BY PROPOSED EXPERT WITNESS VARDIS GAUS (Doc. 59) AND ORDER FOR SUPPLEMENTAL BRIEFING**

        I.         PROPOSED TESTIMONY OF MS. VARDI GAUS

On May 24, 2022, the Court held a hearing on the Government's Motion to Exclude Defendant's Expert Witnesses (Doc. 59). It heard testimony from Ms. Vardis Gaus, who Defendant intends to introduce as an expert in commercial truck driving. At trial, she plans to testify that Defendant's commercial truck driving records and history indicate he was a prudent and conscientious driver. She would also testify about the common industry standards regarding the use of a cell phone while driving, driving behavior, driver training, and transportation practices. Specifically, she stated that the Federal Motor Carrier Safety Administration ("FMCSA") developed the truck driving regulations that were in effect in 2019, and also produced guidance sheets interpreting and clarifying those regulations when necessary. The FMCSA clarified that drivers could use a cell phone while driving as long as they only used "one finger, one touch."

1

This Court will exclude Ms. Gaus' intended testimony that Defendant has a history of prudent driving. Generally, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). A defendant may, however, introduce reputation evidence of his good character. *Michelson v. United States*, 335 U.S. 469, 476 (1948). However, such reputation evidence must be introduced through lay witnesses with personal knowledge of Defendant's reputation and not by the use of expert witnesses. *Id.*; *Pueblo of Jemez v. United States*, 366 F. Supp. 3d 1234, 1247 (2018); Fed. R. Evid. 803(21). Additionally, the Court agrees with the United States that while the Defendant is entitled to present evidence of his own good character, such evidence is limited to reputation or opinion evidence.

## II.  SUPPLEMENTAL BRIEFING

The Court orders supplemental briefing on whether or not Ms. Gaus' testimony regarding the commercial truck driving industry standards is relevant. Specifically, it orders parties to demonstrate how that proffered evidence relates to the 10th Circuit Pattern Jury Instructions for involuntary manslaughter: "The law makes it a crime to unlawfully kill a human being without malice 1) while committing an unlawful act not amounting to a felony, or 2) while committing a lawful act in an unlawful manner, or without due caution and circumspection, which act might produce death." 10th Cir. Crim. Pattern Jury Instr. § 2.54.1. The parties' supplemental briefing shall analyze how the specific proposed testimony of Ms. Gaus is relevant to each of the two prongs of the 10th Circuit Pattern Jury Instruction for Involuntary Manslaughter.

One or both of the Parties shall order a transcript of Ms. Gaus' testimony from the May 24, 2022 hearing and then the Parties shall submit their supplemental briefings no later than ten days from the completion of the transcript of Ms. Gaus' testimony.

**IT IS SO ORDERED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE