UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                       Criminal No. 21-596 WJ

ALEXIS RIEGO,

    Defendant.

### MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF BYRON FRENCH (Doc. 60)

**THIS MATTER** comes before the Court on Defendant's Motion to Exclude Expert Testimony (Doc. 60). Defendant requests the exclusion of three of the government's witnesses. This Memorandum Opinion and Order deals only with the testimony of Byron French—an officer who intends to testify about the forensic examination of Defendant's cell phone. Specifically, he will testify about data extracted from the phone which allegedly shows that Defendant answered a video facetime call at 11:42 AM and then a health application on the phone began tracking footsteps at 11:45 AM, which the government intends to argue means the crash occurred before 11:45 which is when Defendant was walking around the scene of the incident. Defendant argues this testimony is improper because French is unaware of whether or when the data extraction software was validated, is unaware of how the health application on the phone works, and will provide cumulative testimony. He also argues that the Government provided insufficient notice of French's testimony.

Having reviewed the parties' pleadings and the applicable law, a hearing having been held and evidence having been taken, and the arguments of counsel having been considered, the Court **DENIES IN PART** Defendant's Motion. Officer French will be permitted to testify. The arguments pertaining to the other two experts will be addressed in separate Opinions.

## DISCUSSION

Federal Rule of Evidence 702 controls the admission of expert witness testimony. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) The testimony is based on sufficient facts or data;
>
> (c) The testimony is the product of reliable principles and methods; and
>
> (d) The expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. This rule "imposes on a district court a gatekeeper obligation to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003) (quoting *Daubert v. Merrell Dow. Pharm., Inc.*, 509 U.S. 579, 589 (1993)). The purpose of such inquiry is to "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). Overall, the Court has broad discretion in determining whether to exclude an expert's proposed testimony. *See United States v. McSwain*, 197 F.3d 472, 482 (10th Cir. 1999).

To perform its gatekeeping function, the Court generally takes two steps. First, it determines whether the expert is qualified by "knowledge, skill, experience, training, or education" to render an opinion. *See* Fed. R. Evid. 702. In regard to this determination, the Court must determine whether the witness's "expertise [is] reasonably related to the issue." *Witherspoon v. Navajo Refining Co.,* LP, No. Civ.03-1160, 2005 WL 5988649 (D.N.M. July 18, 2005) at* 3 (citing *Ralston v. Smith &Nephew Richards,* Inc., 275 F.3d 965, 970 (10th Cir. 2001). The second step is to decide whether the expert's opinions are sufficiently "reliable." *See United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc).

Turning to the first question, Byron French is a computer forensic examiner with the Rio Rancho Police Department and a task force officer with the FBI. *See* Doc. 46-4. He has been employed as a computer forensic examiner since August of 2014 and has analyzed over 300 pieces of computer media, DVRs and cellular telephones in support of over 141 cases since 2014. *Id*. This expertise is related to the contested issue—whether Officer French may testify about his forensic analysis of Defendant's phone. Thus, the first prong is met.

The Court will now address whether Officer French's opinion is reliable. On April 12, 2022, FBI Special Agent Jordan Spaeth telephonically interviewed Officer French. *See* Doc. 62-8. Officer French received a copy of the raw data extracted from Defendant's cell phone on September 25, 2019. *Id*. The data was extracted by another officer—Officer French was merely reviewing the data and rendering an analysis on the call and Facetime history, web browser history, and the steps/distance counting application. *Id*. French used a UFED reader to examine the data— a program used to conduct digital forensic analysis. *Id*. He concluded that on the date of the incident, at 11:41 AM, a Safari google search was made for a truck stop in Albuquerque. *Id*. At 11:42 AM, the phone received an incoming Facetime video call which lasted for 3 minutes and 34

seconds. *Id*. At 11:45 AM, the Apple Health application began logging steps/distance and reflected that the holder of the phone walked 193 steps between 11:45 and 11:59. *Id*.

Defendant argued that this testimony is unreliable because French was unsure of when and who at the FBI monitored and validated the UFED system, and was unsure about how the application that counted steps worked. In other words, apart from knowing that the FBI monitors the system to ensure it is working properly, French did not know whether the system was working accurately on the date he used it to analyze the data from Defendant's phone. Nevertheless, this point affects the weight of the testimony—rather than the admissibility—and can be brought out on cross examination during trial. It does not render the opinion unreliable. Regarding the health application, French did not know the specifics about the operation of the application, but his intended testimony is solely regarding the technical knowledge and data that was pulled off the application from the UFED and Cellebrite systems. To the extent the inner workings of the health application are relevant, such points can be brought out on cross examination.

Additionally, Defendant argued that Officer French's testimony was cumulative. Another agent who extracted the data from the cellphone will testify about that process and Rosa Manning will testify about her interpretation of the data and the report she generated. However, French reviewed the data and established a timeline for Defendant's use of his cell phone around the time of the crash by analyzing the Facetime logs and health application data. This is different from the testimony of those who extracted the data and generated a report.

Finally, Defendant argued that the government provided insufficient notice of Officer French's testimony. He claims the notice failed to explain Officer French's opinions and the bases of his opinions as an expert. The Government provided notice that Officer French is a cell phone analyst and attached his CV which provides his experience in detail. *See* Doc. 46. It stated

that he will provide his interpretation of Defendant's cell phone data regarding the usage of certain applications on the phone. *Id*. This adequately demonstrates his opinions, qualifications, and bases for his opinions. Fed. R. Crim. P. 16(a)(1)(G). Detailed, extensive discussion is not required. *United States v. McCluskey*, 954 F. Supp. 2d 1224, 1231 (D.N.M. 2013). The expert's methodology is not required to be described to Defendant in the notice. *United States v. McCluskey*, 954 F. Supp. 2d 1224, 1231 (D.N.M. 2013). Moreover, any vagueness in this notice was cleared up by the extensive hearing held where Officer French expanded on his intended testimony and was subject to extensive cross examination by Defense counsel.

Therefore, Byron French is qualified to provide expert testimony regarding the interpretation of the data extracted from Defendant's cellphone. Defendant's Motion to Exclude (Doc. 60) is **DENIED** as to Government's expert witness Byron French. The arguments pertaining to the other two experts will be addressed in separate Opinions.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE