UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v().                                                                   Criminal No. 21-596 WJ

ALEXIS RIEGO,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF STAN LUNDY (Doc. 60)

**THIS MATTER** comes before the Court on Defendant's Motion to Exclude Expert Testimony (Doc. 60). Defendant requests the exclusion of three of the government's witnesses. This Memorandum Opinion and Order deals only with the testimony of Stan Lundy—a crash reconstructionist who investigated the relevant crash in this case and generated a report rendering his opinion on the causes of it. Having reviewed the parties' pleadings and the applicable law, a hearing having been held and evidence having been taken, and the arguments of counsel having been considered, the Court **DENIES** Defendant's Motion. Stan Lundy will be permitted to testify. The arguments pertaining to the other two experts will be addressed in separate Opinions.

## DISCUSSION

Federal Rule of Evidence 702 controls the admission of expert witness testimony. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) The testimony is based on sufficient facts or data;
>
> (c) The testimony is the product of reliable principles and methods; and
>
> (d) The expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. This rule "imposes on a district court a gatekeeper obligation to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003) (quoting *Daubert v. Merrell Dow. Pharm., Inc.*, 509 U.S. 579, 589 (1993)). The purpose of such inquiry is to "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). Overall, the Court has broad discretion in determining whether to exclude an expert's proposed testimony. *See United States v. McSwain*, 197 F.3d 472, 482 (10th Cir. 1999).

To perform its gatekeeping function, the Court generally takes two steps. First, it determines whether the expert is qualified by "knowledge, skill, experience, training, or education" to render an opinion. *See* Fed. R. Evid. 702. In regard to this determination, the Court must determine whether the witness's "expertise [is] reasonably related to the issue." *Witherspoon v. Navajo Refining Co.,* LP, No. Civ.03-1160, 2005 WL 5988649 (D.N.M. July 18, 2005) at* 3 (citing *Ralston v. Smith &Nephew Richards,* Inc., 275 F.3d 965, 970 (10th Cir. 2001). The second step is to decide whether the expert's opinions are sufficiently "reliable." *See United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc).

Turning to the first question, Stan Lundy testified that he was the Assistant Commander of the New Mexico State Police Crash Reconstruction Unit in 2019. He had been with the police department for 22 years. He stated that he is certified in Accreditation Commission for Traffic Accident Reconstruction, which is the only accreditation for crash reconstruction in the world. He taught quarterly training to other officers and crash investigations at the law enforcement academy. He testified that he has investigated over 1000 crashes. Therefore, Stan Lundy is qualified by "knowledge, skill, experience, training, or education" to render an opinion on the causes of the crash with which Defendant was involved.

The Court will now address whether Stan Lundy's opinion is reliable. Officer Lundy testified in detail about how a crash reconstruction is handled and what technology is used. For instance, he testified that he and his team documented the vehicles with still photography, completed a post-crash inspection report, measured and weighed vehicles, and assessed damage. He inspected the brakes and tires of the commercial motor vehicle to determine if there were any issues and found none. He used the information he gathered to render an opinion on the collision. He stated that the left lane of I-40 was closed for construction, so traffic had to merge into the right lane. There was a line of traffic. The commercial motor vehicle drove down the right lane and struck the rear of the traffic. It struck the Chevy pickup first, which was pushed into the Hummer which rotated away from the impact. The commercial motor vehicle continued pushing the Chevy into the Toyota pickup. The Toyota was knocked forward into the rear of the Honda, which knocked forward into the Jeep. Stan Lundy determined that the commercial motor vehicle was traveling at 71 miles per hour and explained in detail how he reached that number. He found that the commercial motor vehicle did not slow down or apply brakes before impact.

At the hearing, Defendant took issue with Lundy's calculation that the commercial motor vehicle was traveling at 71 mph. Using different methods, formulas, and variables, Lundy had reached another conclusion that the speed was 76.62 mph. Defendant also took issue with the model number that Lundy used in his calculations and the potential error rates. However, these are issues that can be brought up on cross examination at trial—they do not, in and of themselves, render Stan Lundy's opinion unreliable.

Defendant also argued that the government provided insufficient notice of Lundy's testimony. He claims the notice failed to state whether Lundy's full and complete opinions were reflected in his report. As such, he argues, he is unable to surmise what testimony "regarding the conditions and causes of the crash" will be provided at trial outside of what is in the report. Any vagueness in the notice was cleared up at the extensive hearing in which Lundy gave detailed analysis on his opinion of the conditions of each vehicle involved in the collision and the causes of the crash, including the evidence he relied on in reaching his opinion. Moreover, Lundy was subject to extensive cross examination by Defense Counsel at the hearing.

In Defendant's Reply, he stated that the government failed to adequately explain Lundy's opinion that a "perception/reaction time of 1.6 is the average, but again, fails to provide the basis for that opinion and the reliability of such a number is questionable." Doc. 66. Defendant did not bring this point up at the hearing. To the extent he still takes issue with it after the extensive and detailed hearing, he can bring up any counterpoints on cross examination at trial. Additionally, Lundy's testimony adequately demonstrated his opinions, qualifications, and bases for his opinions. Fed. R. Crim. P. 16(a)(1)(G). Detailed, extensive discussion of the methodology and/or reasoning behind his opinion is not required—nevertheless, Lundy provided an in-depth explanation of his calculations and observations at the hearing. *United States v. McCluskey*, 954

F. Supp. 2d 1224, 1231 (D.N.M. 2013); *United States v. McCluskey*, 954 F. Supp. 2d 1224, 1231 (D.N.M. 2013).

Therefore, Stan Lundy is qualified to provide expert testimony regarding his opinion on the conditions of the vehicles and causes of the collision. Defendant's Motion to Exclude (Doc. 60) is **DENIED** as to Government's expert witness Stan Lundy. The arguments pertaining to the other two experts will be addressed in separate Opinions.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE