UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                 Criminal No. 21-596 WJ

ALEXIS RIEGO,

    Defendant.

## MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. IAN PAUL (Doc. 60)

**THIS MATTER** comes before the Court on Defendant's Motion to Exclude Expert Testimony (Doc. 60). Defendant requests the exclusion of three of the government's witnesses. This Memorandum Opinion and Order deals only with the testimony of Dr. Ian Paul, who conducted examinations of the deceased victims in this case. Defendant seeks his exclusion on the basis that the government failed to give proper notice of his testimony, and his testimony is irrelevant and prejudicial.

Having reviewed the parties' pleadings and the applicable law, a hearing having been held and evidence having been taken, and the arguments of counsel having been considered, the Court **DENIES WITHOUT PREJUDICE** Defendant's Motion. Dr. Paul will be permitted to testify. The arguments pertaining to the other two experts will be addressed in separate Opinions.

## DISCUSSION

    I.       Notice of Expert Designation

Defendant argues that he is unaware of what testimony Dr. Paul plans to give given the generality of the notice. Specifically, he argues that the notice does not sufficiently explain Dr. Paul's explanation for the cause of the victims' injuries. Under Federal Rule of Criminal Procedure 16, the Government must provide a criminal defendant with a written summary of any expert testimony it intends to use. Fed. R. Crim. P. 16(a)(1)(G). The notice must provide the opinions, bases and reasons for those opinions, and the witness's qualifications. *Id*. Detailed, extensive discussion is not required. *United States v. McCluskey*, 954 F. Supp. 2d 1224, 1231 (D.N.M. 2013). Nor is an expert's methodology required to be described to Defendant. *United States v. McCluskey*, 954 F. Supp. 2d 1224, 1231 (D.N.M. 2013).

The Government's notice states that Dr. Paul is a pathologist employed by the Office of the medical investigator in Albuquerque, New Mexico. He will testify about the autopsies he conducted on the victims and his opinion on their causes of death. His CV was attached to the notice, which details his experience and qualifications. He generated a report which was provided to Defendant. At the hearing, he testified that the cause of death was blood trauma caused by significant force during the accident. He testified about each victims' injuries and the autopsies. This adequately demonstrates his opinions, bases and reasons for those opinions, and his qualifications.

II.   Relevancy

Federal Rule of Evidence 702 controls the admission of expert witness testimony. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) The testimony is based on sufficient facts or data;
>
> (c) The testimony is the product of reliable principles and methods; and
>
> (d) The expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. This rule "imposes on a district court a gatekeeper obligation to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003) (quoting *Daubert v. Merrell Dow. Pharm., Inc.*, 509 U.S. 579, 589 (1993)). The purpose of such inquiry is to "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). Overall, the Court has broad discretion in determining whether to exclude an expert's proposed testimony. *See United States v. McSwain*, 197 F.3d 472, 482 (10th Cir. 1999).

To perform its gatekeeping function, the Court generally takes two steps. First, it determines whether the expert is qualified by "knowledge, skill, experience, training, or education" to render an opinion. *See* Fed. R. Evid. 702. In regard to this determination, the Court must determine whether the witness's "expertise [is] reasonably related to the issue." *Witherspoon v. Navajo Refining Co.,* LP, No. Civ.03-1160, 2005 WL 5988649 (D.N.M. July 18, 2005) at* 3 (citing *Ralston v. Smith &Nephew Richards,* Inc., 275 F.3d 965, 970 (10th Cir. 2001). The second step is to decide whether the expert's opinions are sufficiently "reliable." *See United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc).

Turning to the first question, Dr. Paul has been employed as a forensic pathologist for 17 years, and testified as an expert in forensic pathology more than 50 times in the last five years. He has practiced forensic pathology in New Mexico, Nevada and Indiana. He is certified in forensic pathology, anatomic pathology, and emergency medicine. He teaches classes on pathology and has conducted extensive research on pathological issues. He is qualified by "knowledge, skill, experience, training or education" to provide testimony on the causes of death in this instance.

The Court will now address whether Dr. Paul's opinion is reliable. Defendant argued that without biomechanical experience, Dr. Paul's testimony that the cause of death was significant force and blunt force trauma is unreliable. Nevertheless, part of a pathologist's job is to determine general causes of death and significant force and trauma is not so specialized that it falls outside of Dr. Paul's knowledge and expertise. Dr. Paul is not testifying about a specific quantity of force, but rather than generally, the cause was blunt force trauma. Defendant also took issue with the limited autopsies Dr. Paul performed, however that point goes to weight rather than admissibility. Therefore, he will be permitted to testify about the causes of death in this case, which is clearly relevant.

Defendant next argues that Dr. Paul's testimony about the details of each victims' injuries is irrelevant and prejudicial. The Court agrees to some extent, but believes the issue should be raised in a motion in limine with an attached transcript.

Therefore, Dr. Paul is qualified to provide expert testimony regarding the autopsies and cause of death. Defendant's Motion to Exclude (Doc. 60) is **DENIED WITHOUT PREJUDICE** as to Government's expert witness Dr. Paul. Defendant may file a motion in limine with a transcript addressing the allegedly prejudicial testimony regarding the victims' injuries. At a subsequent hearing on a Motion in Limine, the Court will conduct a Rule 403

balancing test to determine if the proposed testimony by Dr. Paul is more prejudicial than probation. The arguments pertaining to the other two experts will be addressed in separate Opinions.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE