UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　Criminal No. 21-596 WJ

ALEXIS RIEGO,

    Defendant.

### MEMORANDUM OPINION AND ORDER ON UNITED STATES' MOTION TO EXCLUDE EXPERT TESTIMONY OF VARDIS GAUS (Doc. 59)

**THIS MATTER** comes before the Court on the United States' Motion to Exclude Expert Testimony (Doc. 59). The Government requests the exclusion of two of the government's witnesses. This Memorandum Opinion and Order deals only with the testimony of Vardis Gaus—a retired commercial truck driving instructor and transportation consultant. Gaus intends to testify about the industry standards as they relate to truck drivers' use of cell phones while driving. The Government argues that Ms. Gaus's testimony is irrelevant because 1) it is the Court's duty, rather than an expert, to instruct the jury about the law, 2) the fact that other truck drivers routinely engage in similar behavior is not a defense, and 3) the testimony would invite jury nullification.

Having reviewed the parties' pleadings and the applicable law, a hearing having been held and evidence having been taken, and the arguments of counsel having been considered, the Court **GRANTS** the Motion. Vardis Gaus will be excluded from testifying. The Court will address the testimony of Alan Zelicoff in a separate Opinion.

**DISCUSSION**

Federal Rule of Evidence 702 controls the admission of expert witness testimony. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) The testimony is based on sufficient facts or data;
>
> (c) The testimony is the product of reliable principles and methods; and
>
> (d) The expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. This rule "imposes on a district court a gatekeeper obligation to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003) (quoting *Daubert v. Merrell Dow. Pharm., Inc.*, 509 U.S. 579, 589 (1993)). The purpose of such inquiry is to "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). Overall, the Court has broad discretion in determining whether to exclude an expert's proposed testimony. *See United States v. McSwain*, 197 F.3d 472, 482 (10th Cir. 1999).

To perform its gatekeeping function, the Court generally takes two steps. First, it determines whether the expert is qualified by "knowledge, skill, experience, training, or education" to render an opinion. *See* Fed. R. Evid. 702. In regard to this determination, the Court must determine whether the witness's "expertise [is] reasonably related to the issue." *Witherspoon v.*

*Navajo Refining Co.,* LP, No. Civ.03-1160, 2005 WL 5988649 (D.N.M. July 18, 2005) at* 3 (citing *Ralston v. Smith &Nephew Richards,* Inc., 275 F.3d 965, 970 (10th Cir. 2001). The second step is to decide whether the expert's opinions are sufficiently "reliable." *See United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc).

Based on Vardis Gaus's training, education and professional work experience, she is qualified to give expert opinion testimony regarding the commercial trucking industry. The main issue for this Court is whether her expertise is "reasonably related to the issue" at hand. Her intended testimony focuses on the "one finger, one touch" rule in the trucking industry. The Code of Federal Regulations prohibits the use of hand-held devices while driving. 49 C.F.R. § 392.82. However, Gaus testified that the Federal Motor Carrier Safety Administration (FMCSA) produced a guidance sheet interpreting the law, which stated that physically holding the phone in the hand is prohibited, but using one finger and one touch on a cell phone while driving was permissible. In other words, if a driver needed to touch the phone to engage Siri and instruct it to make a phone call, that would be permissible. Additionally, she testified that mounting a cell phone on the dashboard was permitted, as well as the use of Bluetooth. Gaus testified that these behaviors were common industry practice. The question is whether this testimony is relevant to proving or disproving the elements of involuntary manslaughter, which is defined as the following:

*First*: the defendant caused the death of the victim named in the indictment [while the defendant was committing an unlawful act not amounting to a felony, that is [indicate unlawful act] as charged in the indictment] or [while the defendant was committing a lawful act in an unlawful manner, or without due caution and circumspection, which act might produce death];
*Second*: the defendant knew that his conduct was a threat to the lives of others or it was foreseeable to him that his conduct was a threat to the lives of others; and
*Third*: the killing took place within the [territorial] [special maritime] jurisdiction of the United States.

Defendant argues that Gaus will only be testifying about the industry standards and the FMCSA's interpretation of the law. She will not testify about what the law is. Defendant clarifies

that he is not attempting to show that he did not violate the prohibition on using hand-held devices, but rather that the industry standards are relevant to show he did not commit reckless driving. As it related to proving an "unlawful act" occurred, the Second Superseding Indictment (Doc. 125) charged him with committing four unlawful acts, one of them being reckless driving in violation of NM Stat Ann. § 66-8-113, which requires proof that Defendant drove "carelessly and heedlessly in willful or wanton disregard of the rights or safety of others," "without due caution and circumspection," "in a manner so as to endanger any person or property." The jury must determine whether Defendant's conduct, including his cell phone usage, is careless and would endanger a person. Defendant argues that this is different than an "everyone does it" defense—as the Government asserts—because the industry standards and legal interpretations reflected in the FMCSA Guidebook (i.e. the one finger, one touch rule) were written by the same agency that enacts the regulations. In other words, if the FMCSA accepts this as common unprohibited behavior, it makes it less likely that Defendant was acting carelessly by following this Guidance.

      For similar reasons, Defendant argues that the testimony is relevant to prove he "knew his conduct was a threat to the lives of others or it was foreseeable to him that his conduct was a threat to the lives of others." 10th Cir. Crim. Pattern Jury Instruction No. 2.54.1. The government must prove he had "actual knowledge that his conduct was a threat to the lives of others or that such circumstances as could reasonably be said to have made foreseeable to him the peril to which his acts might subject others." *United States v. Benally*, 756 F.2d 773, 776 (10th Cir. 1985). Defendant asserts that if it was common in the industry to use a cell phone as he allegedly did, it makes it less likely that it was foreseeable to him that his conduct might subject others to peril. In other words, if the custom in the industry is to comply with the guidance put out by the

FMCSA, it makes it less likely that Defendant had actual knowledge that complying with this guidance would create a threat to the lives of others.

While the Court understands Defendant's arguments, it finds it inappropriate for an expert to testify about the legal interpretation of the "no hand-held devices" rule. Legal guidance and interpretations do not carry the force of law. It is misleading for the jury to hear from an expert about the state of the law, as explaining the law to the jury is the function of the trial judge. *See Sparf v. United States*, 156 U.S. 51, 102 (1895) ([U]pon the courts rests the responsibility of declaring the law; upon the jury, the responsibility of applying the law."). While the legal interpretation of the "no hand-held devices" law as permitting "one finger, one tough" can be characterized as guidance, industry standards, or a legal interpretation—rather than a binding rule—it is confusing to present this evidence to a jury. Courts prohibits the use of expert testimony "if it will 'usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it.'" *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) (internal citations omitted). The Court finds this testimony to be irrelevant and confusing to the jury under Rule 403 because having an expert present this evidence presents the risk that the jury would place undue weight on her testimony regarding the state of the law. The use of cell phones while driving is a topic on which a reasonable average juror would have knowledge, and the proposed expert testimony may improperly encourage the jury to place undue emphasis on whether Defendant was complying with the FMCSA's guidance—which presents jury nullification risks. In sum, it is not the evidence that is improper, but rather the issue is that it would be presented by an expert. This prejudicial issue substantially outweighs any probative value of her Ms. Gaus's testimony. The

Court will instruct the jury on the elements of involuntary manslaughter and, if applicable, the law regarding no hand-held devices in order to avoid confusion.

Therefore, the United States' Motion to Exclude Expert Testimony (Doc. 59) is **GRANTED** as it pertains to Government's expert witness Vardis Gaus. The arguments pertaining to Alan Zelicoff will be addressed in a separate Opinion.

**IT IS SO ORDERED.**

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**