UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                             Criminal No. 21-596 WJ

ALEXIS RIEGO,

    Defendant.

## MEMORANDUM OPINION AND ORDER REGARDING THE UNITED STATES' MOTION TO EXCLUDE TESTIMONY BY PROPOSED EXPERT WITNESS DR. ALAN ZELICOFF (Doc. 59)

**THIS MATTER** comes before the Court upon the United States' Opposed Motion to Exclude Testimony by Defendant's Proposed Expert Witnesses or in the Alternative Compel Discovery (Doc. 59), filed March 31, 2022. Having reviewed the parties' pleadings and the applicable law, a hearing having been held and testimony and arguments having been considered, this Court **DENIES** the request to exclude the testimony of Dr. Alan Zelicoff.

### BACKGROUND

Defendant is charged with involuntary manslaughter and assault. He was working as a truck driver while driving on I-40 through the Laguna reservation in New Mexico on September 7, 2019. He allegedly crashed into several vehicles, which killed four people. Parties dispute the cause of the crash. In the instant Motion, the Government requests that two of Defendant's expert witnesses be barred from testifying. In this Memorandum Opinion and Order, the Court only addresses the arguments relating to Dr. Alan Zelicoff.

Dr. Zelicoff is a medical doctor in internal medicine, epidemiology, and rheumatology and former professor of medicine with over 40 years of experience. He specializes in epidemiology and public health. He has prescribed medications to thousands of patients, including the medications which Defendant took in 2019. He intends to testify that certain medications taken by Defendant (namely paroxetine/Paxil, cyclobenzaprine/Flexeril, acyclovir, and diclofenac) have been shown by two recent epidemiologic medical studies to correlate to motor vehicle accidents resulting in traumatic injuries.

## DISCUSSION

Under the well-established standard set forth in *Daubert*, qualified expert testimony: (1) must be based on sufficient facts or data; (2) must be the product of reliable principles and methods; and (3) the expert must have applied the principles and methods reliably to the facts of the case. *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579, 597 (1993); Fed. R. Evid. 702; *Hall v. Conoco Inc*., 886 F.3d 1308, 1311 (10th Cir. 2018). *Daubert* provides a "flexible" framework for courts to use in their roles as gatekeepers of expert testimony. *Hoffman v. Ford Motor Co.*, 493 F.App'x 962, 974 (10th Cir. 2012) (internal citation omitted). Depending on the nature of the issues presented and the expert's particular expertise, certain factors may or may not be pertinent to an evaluation of reliability, but the purpose of the *Daubert* inquiry is always "to make certain that an expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id*. at 975 (citing *Dodge v. Cotter Corp*, 328 F.3d 1212, 1222–23 (10th Cir. 2003); quoting *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999)).

The Government challenges Dr. Zelicoff's testimony on the basis that he failed to produce an expert report, he is not qualified as an expert, and his testimony is irrelevant. The first two

arguments were addressed in the Court's prior Opinion in which the Court ordered supplemental briefing on the question of relevancy. Thus, the Opinion only addresses that question.

First, the Government recently filed a Second Superseding Indictment that charges Defendant with "driving while not physically qualified" in violation of 49 C.F.R. § 391.41, which contains a list of disqualifying medical and physical conditions. Doc. 125. The Government also identified two "rebuttal" witnesses to testify about the medications that Defendant was purportedly taking. The Superseding Indictment places Defendant's medical condition and medications at issue, rendering it relevant.

Nevertheless, the Government asserts that it is irrelevant to bring up Defendant's intoxication as the Government will not be attempting to prove recklessness by intoxication—its argument is that Defendant was reckless in using his phone while driving. It points out that voluntary intoxication is only a defense to specific intent crimes, and involuntary manslaughter is a general intent crime. *United States v. Smith*, 606 F.3d 1270, 1281 (10th Cir. 2010). However, involuntary intoxication resulting from the consumption of medically prescribed drugs is a defense to involuntary manslaughter. *United States v. Bindley*, 157 F.3d 1235, 1242 (10th Cir. 1998). Nevertheless, Defendant is not pursuing an involuntary intoxication defense. *See* Doc. 90. Rather, Defendant intends to present evidence that will assist the jury in understanding whether Defendant's actions were reckless and whether the deaths were knowingly caused by Defendant's reckless actions. The Government seeks to prove that Defendant was Facetiming his wife while driving, which caused the collision. Defendant disputes this fact and instead will introduce evidence that a combination of prescribed medications caused or contributed to the crash, and taking prescribed medications is not acting recklessly or with undue caution. *See* 18 U.S.C. § 1112 (providing that one of the prongs of involuntary manslaughter requires proof that the defendant

acted "without due caution and circumspection."). In other words, Defendant will attempt to prove a non-criminal explanation for the crash.

Indeed, Dr. Zelicoff provided testimony that Defendant took cyclobenzaprine a bit more than 24 hours prior to the accident, and paxil the night before the accident. Doc. 74, p. 68. Dr. Zelicoff testified that according to Defendant's prescription records, he had been prescribed these medications for an extended period of time. *Id*. at 47-48. Moreover, officers found the prescribed medications in Defendant's tractor at the scene of the crash. *See* Doc. 90. Thus, the jury could find that Defendant was under the influence of his prescribed medications prior to the accident and that they contributed to the accident. The Government takes issue with the fact that Dr. Zelicoff made no written record that Defendant consumed the medications 24 hours and the night before the incident, however that point goes to weight, not admissibility and does not render Dr. Zelicoff's opinion irrelevant. Accordingly, the Government's motion to exclude the expert opinion testimony of Dr. Zelicoff is denied.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE