UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            Criminal No. 21-596 WJ

ALEXIS RIEGO,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING OPPOSED MOTION FOR BILL OF PARTICULARS (DOC. 130)

**THIS MATTER** comes before the Court on the Defendant's Opposed Motion for Bill of Particulars (Doc. 130). Having reviewed the parties' pleadings and the applicable law, the Court **DENIES** Defendant's Motion.

## BACKGROUND

On April 23, 2021, the government sought a federal grand jury indictment charging Defendant with four counts of involuntary manslaughter and two counts of assault resulting in serious bodily injury. The basis for the involuntary manslaughter indictment was alleged violations of New Mexico's speeding and reckless driving statutes. On December 8, 2021, the Government returned to the grand jury and sought a superseding indictment, adding a violation of 49 C.F.R. § 392.82, which prohibits the use of hand-held mobile devices while driving. On July 26, 2022, the Government returned again to the grand jury and sought a second superseding indictment that included, as another alleged basis for involuntary manslaughter, a violation of 49 C.F.R. § 391.41, which lists a variety of requirements for

1

physical qualification of commercial drivers. Defendant requests a bill of particulars on the basis that the indictment fails to specify which subsection of this regulation he allegedly violated. Additionally, Defendant requests that the bill of particulars specify the exact evidence against him.

## DISCUSSION

According to 49 C.F.R. § 391.41(b), commercial motor vehicle drivers must comply with the following conditions:

> (b) A person is physically qualified to drive a commercial motor vehicle if that person -
>
> (1) Has no loss of a foot, a leg, a hand, or an arm, or has been granted a skill performance evaluation certificate pursuant to § 391.49;
>
> (2) Has no impairment of:
>
>   (i) A hand or finger which interferes with prehension or power grasping; or
>
>   (ii) An arm, foot, or leg which interferes with the ability to perform normal tasks associated with operating a commercial motor vehicle; or any other significant limb defect or limitation which interferes with the ability to perform normal tasks associated with operating a commercial motor vehicle; or has been granted a skill performance evaluation certificate pursuant to § 391.49;
>
> (3) Has no established medical history or clinical diagnosis of diabetes mellitus currently treated with insulin for control, unless the person meets the requirements in § 391.46;
>
> (4) Has no current clinical diagnosis of myocardial infarction, angina pectoris, coronary insufficiency, thrombosis, or any other cardiovascular disease of a variety known to be accompanied by syncope, dyspnea, collapse, or congestive cardiac failure;
>
> (5) Has no established medical history or clinical diagnosis of a respiratory dysfunction likely to interfere with his/her ability to control and drive a commercial motor vehicle safely;

(6) Has no current clinical diagnosis of high blood pressure likely to interfere with his/her ability to operate a commercial motor vehicle safely;

(7) Has no established medical history or clinical diagnosis of rheumatic, arthritic, orthopedic, muscular, neuromuscular, or vascular disease which interferes with his/her ability to control and operate a commercial motor vehicle safely;

(8) Has no established medical history or clinical diagnosis of epilepsy or any other condition which is likely to cause loss of consciousness or any loss of ability to control a commercial motor vehicle;

(9) Has no mental, nervous, organic, or functional disease or psychiatric disorder likely to interfere with his/her ability to drive a commercial motor vehicle safely;

(10)(i) Has distant visual acuity of at least 20/40 (Snellen) in each eye without corrective lenses or visual acuity separately corrected to 20/40 (Snellen) or better with corrective lenses, distant binocular acuity of at least 20/40 (Snellen) in both eyes with or without corrective lenses, field of vision of at least 70° in the horizontal meridian in each eye, and the ability to recognize the colors of traffic signals and devices showing standard red, green, and amber; or

  (ii) Meets the requirements in § 391.44, if the person does not satisfy, with the worse eye, either the distant visual acuity standard with corrective lenses or the field of vision standard, or both, in paragraph (b)(10)(i) of this section;

(11) First perceives a forced whispered voice in the better ear at not less than 5 feet with or without the use of a hearing aid or, if tested by use of an audiometric device, does not have an average hearing loss in the better ear greater than 40 decibels at 500 Hz, 1,000 Hz, and 2,000 Hz with or without a hearing aid when the audiometric device is calibrated to American National Standard (formerly ASA Standard) Z24.5 - 1951;

(12)(i) Does not use any drug or substance identified in 21 CFR 1308.11 Schedule I, an amphetamine, a narcotic, or other habit-forming drug; or

  (ii) Does not use any non-Schedule I drug or substance that is identified in the other Schedules in 21 CFR part 1308 except when the use is prescribed by a licensed medical practitioner, as defined in § 382.107 of this chapter, who is familiar with the driver's medical history and has advised the driver that the substance will not adversely affect the driver's ability to safely operate a commercial motor vehicle; and

(13) Has no current clinical diagnosis of alcoholism.

The Government's indictment does not specify which of these conditions is the alleged basis for involuntary manslaughter. Rule 7(c) of the Federal Rules of Criminal Procedure states

that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." The indictment must sufficiently apprise the defendant of what he must be prepared to address. It must inform him of the nature of the charges against him with sufficient precision to enable him to prepare for trial, avoid or minimize the danger of surprise at trial, and plead his acquittal or conviction in bar of another prosecution for the same offense. *Wyatt v. United States* 388 F.2d 395, 397 (10th Cir. 1968), *quoting United States. v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965); *see also United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir.1992). In evaluating a motion for a bill of particulars, the court should examine whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial and plead double jeopardy. *United States v. Dunn,* 841 F.2d 1026, 1029 (10th Cir. 1988). In exercising this discretion, the Court can consider such factors as: (1) the clarity of the indictment, (2) the degree of discovery available to the defendant, and (3) the complexity of the charges. *United States v. Rogers*, 617 F. Supp. 1024, 1026 (D. Colo. 1985).

Defendant argues that he has no way of knowing whether the charges against him are based on the medical records that he disclosed to the Government or if they are based on other undisclosed records that the Government obtained. He also argues that he does not know whether the Government is relying on the conditions in his disclosed medical records or one of the other 13 ways the statute can be violated. A bill of particulars is required "where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Chalmers,* 410 F.Supp.2d 278, 286 (S.D.N.Y.2006) (quoting *United States v. Torres,* 901 F.2d 205, 234 (2d Cir.1990)). That is not the case here. In the Government's Response to the Motion for Bill of Particulars, it states:

> Defendant is keenly aware of the evidence the United States will use in support of the predicate offense of driving while not physically qualified.

> Defendant initiated the issue by bringing his medical health and treatment into question. He provided the United States with discovery relating to his diagnoses and treatments for high blood pressure, sleep apnea, anxiety, depression, and related prescriptions. Without this discovery, the United States would not have the evidence to prove that he was not physically qualified to drive on the date of the crash.

Doc. 139 at 5. The Court agrees with the Government that because Defendant placed his medical health in issue and the relevant discovery is Defendant's own medical records, the defense team certainly has access to this material. Additionally, the notice of trial requires the parties to disclose exhibits they intend to introduce at trial two weeks before trial (unless counsel agree to another date). Therefore, Defendant has or will have access to all relevant medical records that would be used against him.

The other relief requested by Defendant was to require the Government to specify the subsection of the Code of Federal Regulations ("CFR") on which the Government is proceeding. Based on a plain reading of the applicable provisions of the CFR, § 391.41(b) quoted on pages 2 and 3 of this opinion, combined with the context of this case, it appears to the Court that the Government is proceeding on subsections 6, 8, and/or 9 of the relevant CFR. Considering the extensive knowledge about this case the defense team has combined with the access to discovery, including Defendant's own medical records, the defense team is certainly capable of determining the relevant provisions of the CFR at issue in this case.

Therefore, Defendant's Motion for Bill of Particulars is **DENIED**.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE