UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                          Criminal No. 21-596 WJ

ALEXIS RIEGO,

    Defendant.

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO COMPEL (DOC. 132)

**THIS MATTER** comes before the Court on the Defendant's Opposed Motion to Compel Disclosure of Expert's CVs, All Items Relating to the Experts Expected Testimony, and a Summary of Their Opinions (Doc. 132). Having reviewed the parties' pleadings and the applicable law, the Court **DENIES** Defendant's Motion.

### BACKGROUND

On April 23, 2021, the government obtained an indictment charging Defendant with four counts of involuntary manslaughter and two counts of assault resulting in serious bodily injury. It obtained a Second Superseding Indictment on July 26, 2022. On March 1, 2022, the defense team filed its notice of expert witnesses including Dr. Alan Zelicoff, MD, an epidemiologist. Dr. Zelicoff was proposed to testify about epidemiologic studies regarding medications Defendant was prescribed and a correlation thereof with motor vehicle accidents resulting in injuries.

On May 24, 2022, the Court held a hearing pursuant to *Daubert v. Merrell Dow*

*Pharmaceuticals, Inc.,* 509 U.S. 579, 597 (1993), and heard the proposed testimony of Dr. Zelicoff. The Court thereafter ordered supplemental briefing on the relevance of the proposed testimony by Dr. Zelicoff and ultimately denied the government's request to exclude Dr. Zelicoff's testimony. On July 25, 2022, the government filed its witness list, listing Dr. Samuel Kleinman and Brandon Warrick, among several witnesses. The defense inquired of the government about these two witnesses and their proposed testimony. The government advised that they are rebuttal expert witnesses who may testify about interactions and effects of particular medications but did not provide a summary of their proposed expert opinions or the witnesses' curriculum vitae ("CV").

The defense requests the Court to order the Government to produce the CVs for these experts, all items relating to their testimony, and a summary of their opinions. It argues that with less than eight weeks remaining before trial, it is a matter of justice, fairness, and due process for the government to provide these items. The government counters that such disclosure is not required for rebuttal witnesses, but nevertheless attached the CVs of the experts to its Response. It maintains that providing a summary of their opinions is unnecessary, especially in light of the fact that neither expert produced a report because they are rebuttal witnesses.

## **DISCUSSION**

Defendant argues that in the interest of fairness and efficiency, the Government should be required to produce the subject matter of the rebuttal experts' testimony and a summary of their opinions. He argues that this information is "material" to preparing his defense under Federal Rule of Criminal Procedure 16(a)(1)(E) ("[T]he government must permit the defendant to inspect . . . item[s] [] material to preparing the defense."). Indeed, Rule 16 governs the parties' disclosure of material relating to expert witnesses. Fed. R. Crim. P. 16(a)(1)(G). Currently, the government

only must provide discovery related to expert testimony it intends to use "during its case-in-chief at trial." *Id.* This rule will be amended on December 1, 2022 to require disclosure of expert reports for evidence the government intends to use "during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C)." 340 FRD 810, 340 F.R.D. 810, 811. Until then, expert rebuttal evidence is only discoverable if required by another authority.

Nevertheless, in his motion, Defendant claimed that he believed the government's rebuttal witnesses would be testifying to his mental condition, which is not limited by Rule 16. (Doc. 132 at pg. 3). While true, to trigger this obligation, Defendant would have had to provide notice of a mental condition defense under Rule 12.2(b). Fed. R. Crim. P. 16 (b)(1)(C)(ii). Defendant has not provided notice under this subsection and has denied that he is pursuing a mental condition defense. *See* Doc. 93 (denying that Defendant is pursuing an involuntary intoxication defense). Therefore, the only way the government would be permitted to elicit testimony during rebuttal about Defendant's mental condition is if Defendant brought it up during his case-in-chief, which Defendant has stated is not his intention. *See Tanberg v. Sholtis*, 401 F.3d 1151, 1166 (10th Cir. 2005) ("When a party opens the door to a topic, the admission of rebuttal evidence on that topic becomes permissible.").

Defendant suspects that the proposed experts are not actually rebuttal experts because the government already knows what the defense will present due to Dr. Zelicoff testifying at the *Daubert* hearing. As such, Defendant suspects that the government's rebuttal experts have already been prepped on the testimony. He also suspects that these experts will testify in the government's case-in-chief due to the Second Superseding Indictment adding a violation of 49 C.F.R. § 391.41, which places Defendant's medications at issue. If they do not testify then, Defendant believes the true purpose of them testifying during the rebuttal period is actually to

bolster the case-in-chief. However, the Government has maintained that these experts are strictly for rebuttal purposes, and the Court will not make a contrary conclusion based on suspicions. If the government chooses to present no witnesses during its case in chief regarding 49 C.F.R. § 391.41, Defendant can make the appropriate motions to Court. If the witnesses testify during the government's rebuttal, it will only be on topics which the Defendant raised. Though their testimony might have an effect of bolstering the government's case in chief, the fact remains that it only becomes admissible based on what the Defendant chooses to present and which doors he chooses to open up for potential rebuttal.

This situation is different from *Tin Yat Chin* and *Noe*, upon which Defendant relies. 476 F.3d 144 (2d Cir. 2007); 821 F.2d 604 (11th Cir). In *Tin Yat Chin*, the Court chastised the government for never mentioning its intent to use a rebuttal witness until the day before its presentation and springing a surprise expert on the Defendant. 476 F.3d at 146. In the case at hand, Defendant has notice of the rebuttal experts as well as their CVs, so he will not be blindsided like Tin Yat Chin. In *Noe*, the government violated a discovery rule by failing to turn over tape recordings containing Defendant's statements under Rule 16(a)(1)(A). 821 F.2d at 608. The case then dealt with the proper remedy for this violation. In this case, however, there has been no discovery violation.

In sum, the government has complied with its discovery obligations. Neither of the rebuttal expert witnesses have drafted reports, testified, or generated exculpatory opinions. They will only potentially testify based on what is presented during Defendant's case. The government has already provided their CVs and a general description of their testimony. Thus, because they are rebuttal experts, the Court **DENIES** Defendant's request for a written summary of the proposed opinions. Finally, the Court **DENIES** at this time Defendant's request to present

surrebuttal evidence, but such denial is without prejudice to Defendant renewing his request at trial if rebuttal evidence is presented by the Government and new topics are brought up on rebuttal. *United States v. Barnette*, 211 F.3d 803, 821 (4th Cir. 2000).

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE