## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                              No. 1:21-cr-00596-WJ

ALEXIS RIEGO,

      Defendant.


## MEMORANDUM OPINION AND ORDER DENYING
## MOTION TO QUASH SUBPOENA *AD TESTIFICANDUM* TO NON-PARTY WITNESS

THIS MATTER is before the Court on the Motion to Quash Subpoena *Ad Testificandum* to Non-Party Witness filed by the non-party witness, Christin Harbison.  (Doc. 170).  The Court denies the Motion to Quash Subpoena.

### BACKGROUND

The United States issued a Subpoena *Ad Testificandum* directing non-party witness Christin Harbison to appear and testify at the trial of this case commencing in this Court on September 19, 2022.  (Doc. 170 at 1).  The Subpoena was personally served on Witness Harbison in Florida on August 22, 2022.  (Doc. 186-3).  The propriety of service on Witness Harbison is not contested.

Witness Harbison filed her Motion to Quash Subpoena on August 26, 2022 (Doc. 170).  Harbison seeks to quash the Subpoena on several grounds including: (1) that her proposed testimony is not relevant or material and would be cumulative; and (2) that requiring her to travel from Florida to New Mexico to testify at trial is unduly burdensome and oppressive due to health

1

conditions.  (Doc. 170).  Witness Harbison offers to appear and testify remotely.  (Doc. 170 at 9-10).  She contends that her testimony is limited to the production or authentication of documents and appearing remotely will not violate the Defendant's Confrontation Clause rights.  (Doc. 170 at 5-7).

On August 28, 2022, Defendant Alexis Riego filed his Partial Joinder in Christin Harbison's Motion to Quash Subpoena For Her Trial Testimony.  (Doc. 174).  Defendant Riego contends that Witness Harbison's testimony must be excluded because it is irrelevant and constitutes improper character evidence.  (Doc. 174 at 3-8).  Defendant Riego also argues that, if the Court does not quash the Subpoena, Defendant objects to the witness appearing remotely by video because it would result in a violation of Defendant's Sixth Amendment confrontation rights.  (Doc. 174 at 7-8).  The Court notes that Witness Harbison was listed on the United States' July 25, 2022 Witness List (Doc. 103 at 2) and Defendant Riego did not object or file a timely motion in limine to exclude Harbison's testimony.

The United States responds in opposition to quashing the Subpoena.  (Doc. 186).  The United States contends that Witness Harbison's testimony is not merely in support of business records, that it is both relevant and material, and that it will not be cumulative.  (Doc. 186 at 2-5). The United States indicates it has made efforts to minimize the burden and expense to Witness Harbison, but cannot agree to permit remote testimony over the Defendant's confrontation objection.  (Doc. 186 at 4-5).

In Witness Harbison's Reply, she continues to argue that her testimony would be irrelevant or cumulative and that requiring her to travel to New Mexico for trial would be unreasonably burdensome and oppressive.  (Doc. 191 at 1-3).  She also argues that, because her testimony is limited to authentication of business records, there would be no violation of Defendant's

confrontation rights if she were to present her testimony by affidavit or remote video.  (Doc 191 at 3-5).

## ANALYSIS

### 1.  LEGAL STANDARD

Federal Rule of Criminal Procedure 17(a) governs subpoenas *ad testificandum* in criminal proceedings. However, there is no express procedure in Rule 17 to quash or modify a subpoena *ad testificandum*. On the other hand, Rule 17(c) does provide for quashing of a subpoena for the production of documents and states that the proponent of the subpoena bears the burden of proving that the subpoena is not "unreasonable or oppressive." *See U.S. v. Nixon*, 418 U.S. 683, 698-699 (1974).

There is no precedential authority in the Tenth Circuit setting out any standard for quashing a subpoena *ad testificandum.*  However, other courts have applied the Rule 17(c) standard, stating that "[r]oughly the same standard applies to subpoenas compelling the attendance of witnesses, i.e., subpoenas ad testificandum." *Stern v. U.S. Dist. Court for the Dist. Of Mass.*, 214 F.3d 4, 17 (1st Cir. 2000) ("Although Rule 17(a), which governs such subpoenas, does not provide explicitly for quashal or modification, courts routinely have entertained motions seeking such relief and decided them by reference to comparable principles.").

Under the Rule 17(c) standard, "a subpoena ad testificandum survives scrutiny if the party serving it can show that the testimony sought is both relevant and material." *Stern,* 214 F.3d at 17; *see also United States v. Black,* 2018 WL 2208298, Case No. 16-CR-20032-JAR (D. Kan. May 14, 2018) (denying motion to quash Rule 17(a) subpoena because the testimony was relevant) (unpublished); *United States v. Santiestevan*, 2012 WL 2875949, No. 11-cr-00406-CMA (D. Colo.

July 12, 2012) (unpublished) (finding that a motion to quash should be denied if the party serving

it can show that the testimony sought is both relevant and material); *United States v. North*, 713 F.

Supp. 1448, 1449 (D.D.C. 1989).  The burden of showing relevance and materiality is low, and

only requires an inference or chain of inferences that would make a fact of consequence more or

less probable.  *United States v. Jordan,* 485 F.3d 1214, 1218 (10th Cir. 2007).  However, there is

no violation of Rule 17(a) where a subpoena is quashed for seeking testimony which is either

cumulative or immaterial. *U.S. v. Beasley*, 479 F.2d 1124, 1128 (5th Cir. 1973).

### 2.  THE PROPOSED TESTIMONY IS RELEVANT AND MATERIAL

Witness Harbison and Defendant Riego contend that the Subpoena should be quashed

because her testimony is not relevant or material.  (Doc. 170 at 3-4; Doc. 174 at 3-4).  Evidence is

admissible if it is relevant and does not violate the United States Constitution, a federal statute, the

Federal Rules of Evidence, or other rules promulgated by the U.S. Supreme Court. Fed. R. Evid.

402. Under the Rules, evidence is relevant if (a) it has any tendency to make a fact more or less

probable than it would be without the evidence and (b) the fact is of consequence in determining

the action. Fed R. Evid. 401. Relevancy is determined based on how the evidence relates to a

matter properly provable in the case. *Huddleston v. United States*, 485 U.S. 681, 689 (1988). In a

criminal proceeding, the relevancy bar is "very low" and need only provide a fact-finder with a

basis for making an inference, or chain of inferences related to a material issue. *United States v.*

*Jordan*, 485 F.3d 1214, 1218 (10th Cir. 2007); *United States v. McVeigh*, 153 F.3d 1166, 1190

(10th Cir. 1998).

The United States offers two bases for the relevance of Witness Harbison's testimony.

First, the United States contends that the evidence is relevant and material to Defendant Riego's

knowledge of the risks of his conduct.  (Doc. 186 at 3).  In order to obtain a conviction on the

charge of involuntary manslaughter, the United States must prove that Defendant knew or should have known the risks of his conduct. *United States v. Benally,* 756 F.2d 773, 776 (10th Circ. 1985). The record shows that, in June 2018, Witness Harbison was the Orientation Training Coordinator for Landstar and trained Defendant Riego on driver orientation and safety compliance issues, including cell phone use and distracted driving. (Doc. 186-1; 186-2). Second, the United States argues that Witness Harbison's testimony is relevant to show Defendant's fluency in English. Defendant has challenged the reliability of his confession based on claimed lack of proficiency in the English language. (Doc. 186 at 4). The record also reflects that, as a part of her duties as Orientation Training Coordinator, she would evaluate a driver's proficiency in the English language and would cancel a driver that was unable to communicate proficiently in English. (Doc. 186-2). The Court concludes that the United States has met its burden of showing that Witness Harbison's testimony is relevant and material. *United States v. Jordan,* 485 F.3d at 1218.

Even if evidence is relevant, it must still be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Jordan*, 485 F.3d at 1218 (quoting Fed. R. Evid. 403). This balancing test favors admission, and exclusion of the evidence under Rule 403 is an extraordinary remedy that should be used sparingly. *United States v. Watson*, 766 F.3d 1219, 1241 (10th Cir. 2014); *United States v. Irving*, 665 F.3d 1184, 1213 (10th Cir. 2011). To be inadmissible under Rule 403, the evidence must do more than prejudice the defendant's position at trial; it must be *unfairly* prejudicial. *United States v. Becker*, 230 F.3d 1224, 1232 (10th Cir. 2000) (quoting *United States v. Tan*, 254 F.3d 1204, 1211–12 (10th Cir. 2001)).

Defendant Riego argues that Witness Harbison's testimony is improper character evidence and even if it is relevant, it should be excluded under Fed. R. Civ. P. 403. (Doc. 174 at 4-6).

Defendant claims that the testimony is being introduced solely for the purpose of showing that Defendant was not a safe driver.  (Doc. 174 at 5).  Fed. R. Civ. P. 404(a) prohibits the introduction of evidence of a person's character for purposes of showing action in conformity therewith on a particular occasion.  Similarly, Rule 404(b) prohibits the introduction of evidence of other crimes or wrongs to show action in conformity therewith.  However, as set out above, the United States has articulated two bases for relevancy that are not directed to character or other crimes or wrongs of the Defendant.  (Doc. 186 at 3-4).  Witness Harbison's testimony is not offered as improper character evidence. Fed. R. Evid. 404(b)(2).

Witness Harbison also argues that her testimony is cumulative and should be excluded under Rule 403.  The United States counters that the evidence is not cumulative because Witness Harbison is the only person who can testify as to Defendant's training at Landstar and the training at Landstar is the closest in proximity to the date of the accident in this case.  (Doc. 186 at 4).  The Court concludes that, although prejudicial to Defendant, the probative value of the evidence outweighs any unfair prejudice, the evidence is not cumulative, and the evidence should not be excluded under Rule 403.  *United States v. Watson*, 766 F.3d at 1241; *United States v. Becker*, 230 F.3d at 1232.

### 3.  THE SUBPOENA IS NOT UNDULY BURDENSOME OR OPPRESSIVE

Witness Harbison also argues that the Subpoena should be quashed based on health concerns and the expense of having to travel from Florida to New Mexico for what she anticipates will only be brief testimony.  (Doc. 170 at 7-10).  She offers to provide an affidavit or to appear remotely by video as alternatives to in-person testimony at trial.  (Doc. 170 at 9).   Her offer to provide an affidavit or video testimony is based on her characterization of the testimony as no more than authentication of Landstar's records of Defendant Riego's training.  (Doc. 170 at 3-10).

However, as discussed above, the United States claims and has record support to show that Witness Harbison's anticipated testimony is broader than just authentication of records.  (Doc. 186 at 2-5; Doc. 186-2).

Witness Harbison also states that she suffers from a chronic respiratory condition that leaves her more vulnerable to COVID-19 and is concerned about air travel.  She does not provide any medical evidence however, that a medical condition prevents her from being able to travel. She cites several civil cases for the proposition that District Courts have concluded that COVID-19 related concerns justify requests to testify through audiovisual means.  (Doc. 170 at 7).  None of the cited cases are criminal cases nor do they deal with constitutional Confrontation Clause issues.

The Court would ordinarily be inclined to allow Witness Harbison to appear remotely by video.  However, in this case, Defendant Riego objects to Witness Harbison appearing by video and has asserted that a video appearance would violate his confrontation rights under the Sixth Amendment.  (Doc. 174 at 7).  The United States takes the position that, so long as Defendant asserts his rights under the Confrontation Clause, the United States must procure her personal appearance at trial.  (Doc. 186).  The Court concludes that, in light of the constitutional concerns underlying Confrontation Clause rights and the United States' showing of relevancy and breadth of the testimony beyond mere authentication, the Court must deny the Motion to Quash and require Witness Harbison to appear in person at trial in compliance with the Subpoena.  U.S. Const. amend VI; *Coy v. Iowa*, 487 U.S. 1012, 1017 (1988) (addressing the importance of Sixth Amendment confrontation rights); *Garcia-Martinez v. City & Cty of Denver,* 392 F.3d 1187, 1191 (10th Cir. 2004) (attendance at trial is the preferred method of testimonial evidence).

The Court concludes that the Subpoena is neither unreasonable nor unduly burdensome or oppressive in light of the rights and interests at stake in this case. *U.S. v. Nixon*, 418 U.S.at 698-699. The Motion to Quash Subpoena *Ad Testificandum* to Non-Party Witness (Doc. 170) is denied. The Court directs counsel for the United States and Witness Harbison to work together to try to minimize the burden and expense of Witness Harbison's attendance at trial.

IT IS SO ORDERED.

_____
CHIEF UNITED STATES DISTRICT JUDGE