IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.      No. 1:21-cr-00596-WJ-1

ALEXIS RIEGO,

    Defendant.

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S SEVENTH MOTION IN LIMINE

THIS MATTER is before the Court on Defendant's Seventh Motion in Limine to Exclude Victor Santiago from Testifying. Doc. 114. After an evidentiary hearing, the Court admitted Santiago's 2018 Commercial Driver's License medical examination of Defendant ("2018 CDL exam") and ordered supplemental briefing on whether Santiago's 2020 CDL medical examination of Defendant ("2020 CDL exam") is inadmissible character evidence. *See* Docs. 190 and 192. After reviewing the parties' briefing and the applicable law, the Court hereby DENIES Defendant's Motion in Limine and admits the 2020 CDL exam into evidence subject to the United States laying the proper foundation for its admission.

### BACKGROUND

Defendant is charged with four counts of involuntary manslaughter while committing an unlawful act not amounting to a felony and two counts of assault resulting in serious bodily injury stemming from a vehicle collision on September 7, 2019. Doc. 125. Defendant was driving a commercial tractor trailer on Interstate 40 through the Laguna Pueblo. The United States alleges that Defendant looked away from the road to answer a FaceTime call from his

wife, failed to notice that traffic had stopped, and collided into a row of vehicles without braking. It is further alleged that the impact killed four occupants in a Chevrolet Silverado and seriously injured two occupants in a Hummer H2. Defendant disputes the cause of the crash and maintains that his conduct does not satisfy the elements of the offenses charged.

Among several theories, the United States seeks to prove that Defendant was driving while not physically qualified in violation of 49 C.F.R. § 391.41 as a predicate unlawful act to involuntary manslaughter. Doc. 125. CDL drivers must maintain a current medical examiner's certificate that they are physically qualified to operate a commercial vehicle. *See* 49 C.F.R. § 391.41(a)(1)(i). The United States alleges that Defendant was diagnosed with disqualifying medical conditions but mislead Santiago and the Florida Department of Motor Vehicles ("DMV") to believe he was physically qualified. *See* Doc. 125. The United States intends to call Dr. Acosta-Fajardo to testify that on June 4, 2018, he diagnosed Defendant with several conditions that disqualified him from being a commercial driver under 49 C.F.R. § 391.41(b)(9) (requiring that CDL driver have no "mental, nervous, organic, or functional disease or psychiatric disorder likely to interfere with his/her ability to drive a commercial motor vehicle safely"). Doc. 145 at 10. Next, it will introduce Defendant's August 2018 CDL exam to show that he subsequently denied having any medical conditions and was therefore cleared to drive by the Florida DMV. Doc. 190 at 2. One year later, Defendant crashed his commercial tractor trailer giving rise to this case. He was not arrested. On August 20, 2020, Defendant underwent the 2020 CDL exam in which he again denied having any medical conditions. *Id.* Based upon his representations, the Florida DMV renewed Defendant's CDL. *Id.*

The Court admitted the 2018 CDL exam as probative of the charge that Defendant drove while not physically qualified and that his conduct conformed to a reckless mens rea. *See United*

*States v. Bryant*, 892 F.2d 1466, 1468 (10th Cir. 1989) (involuntary manslaughter requires a proof of defendant's recklessness). Defendant now seeks to exclude the 2020 CDL exam as improper character evidence. He maintains that the United States introduced the 2018 CDL exam to show that Defendant is dishonest because he lied to Santiago about having no disqualifying medical conditions. Accordingly, Defendant argues, the United States' only use for the 2020 CDL exam is to bolster its claim that Defendant was dishonest in 2018, which would constitute inadmissible character evidence under Fed. R. Evid. 404(b). Doc. 192 at 3.

## DISCUSSION

"Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). "It is well settled that Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged." *United States v. O'Brien*, 131 F.3d 1428, 1432 (10th Cir. 1997). "[I]ntrinsic evidence is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury. Extrinsic evidence, on the other hand, is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense." *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009). "Because Rule 404(b) only limits evidence of 'other' crimes—those extrinsic to the charged crime—evidence of acts or events that are part of the crime itself, or evidence essential to the context of the crime, does not fall under the other crimes limitations of Rule 404(b)." *Id.* at 1314-15.

The Court finds that the 2020 CDL exam is intrinsic evidence relevant to the charge that Defendant drove while not physically qualified under 49 C.F.R. § 391.41 and that he exhibited a reckless mens rea. Therefore, Rule 404(b) is inapplicable. The United States does not intend to

use the 2020 CDL exam to prove that Defendant is untruthful. Rather, it seeks to establish that Defendant acted recklessly by denying that he was diagnosed with a disqualifying medical condition to Santiago and the Florida DMV. Although the 2020 CDL exam was administered after the crash, Defendant's identical representation on the same form to the same examiner substantiates the government's theory that Defendant intentionally misrepresented his medical history to obtain his CDL before the crash. *See Andresen v. Maryland*, 427 U.S. 463, 483 (1976) ("proof of similar acts is admissible to show intent").

The United States must prove Defendant "knew that his conduct was a threat to the lives of others or it was foreseeable to him that his conduct was a threat to the lives of others." Tenth Circuit Pattern Jury Instructions Criminal No. 2.54.1. Evidence that Defendant twice denied being diagnosed with a disqualifying medical condition in order to renew his CDL tends to prove that he knew disclosure of his conditions would disqualify him. By continuing to drive a commercial vehicle despite knowing that he had been diagnosed with potentially disqualifying conditions, Defendant had reason to believe that his conduct was a threat to others. Defendant's 2020 CDL medical examination is thus circumstantial evidence that he exhibited a reckless mens rea at the time of the crash. Although it was made after the offense charged, Defendant's representation on the 2020 CDL exam "provides contextual…information" necessary to evaluate the identical representation he made on the 2018 CDL exam. *Parker*, 553 F.3d at 1314. Because the United States intends to use the 2020 CDL exam as evidence proving the elements of charged offenses, not that Defendant acted in accordance with a character for untruthfulness, the Court declines to exclude the 2020 CDL exam under Fed. R. Evid. 404(b).

The Court also finds that the probative value of Defendant's 2020 CDL exam is not substantially outweighed by the risk of unfair prejudicial under Fed. R. Evid. 403. Defendant

4

argues that his 2020 CDL exam was conducted post-accident and therefore risks prejudicing him and side-tracking the jury. Doc. 114 at 4. As outlined above, the 2020 CDL exam has significant probative value. In conjunction with Dr. Acosta-Fajardo's testimony, it tends to prove that Defendant intentionally failed to disclose a disqualifying medical condition. It is probative of the predicate offense that Defendant drove while not physically qualified, knew that he was not physically qualified, and therefore exhibited a reckless mens rea. Defendant himself represented to Santiago that he did not have any medical conditions. Any resulting prejudice is not "unfair" under Rule 403, nor does it substantially outweigh the 2020 CDL exam's probative value.

## CONCLUSION

The Court finds that Santiago's 2020 CDL Examination of Defendant is not character evidence under Rule 404(b) nor unfairly prejudicial under Rule 403. Accordingly, for the reasons stated in this opinion and on the record at the Court's evidentiary hearing, Defendant's Seventh Motion in Limine (Doc. 114) is DENIED.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE