# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                                                  No. 1:21-cr-596-WJ-1

ALEXIS RIEGO,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING

**THIS MATTER** is before the Court on Defendant's Opposed Motion for Release Pending Sentencing (Doc. 228), filed September 28, 2022. Defendant was convicted by a federal jury on four counts of involuntary manslaughter and two counts of assault resulting in serious bodily injury and remanded into custody. Defendant requests that the Court release him pending sentencing pursuant to 18 U.S.C. § 3143(a)(1). After reviewing the parties' briefing and the applicable law, the Court finds that Defendant failed to show by clear and convincing evidence that he is not a flight risk. Accordingly, Defendant's Motion is **DENIED,** and he will remain in custody pending sentencing.

## BACKGROUND

Defendant was indicted by a grand jury on four counts of involuntary manslaughter in violation of 18 U.S.C. § 1112 and two counts of assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6). Doc. 125. The United States alleged that Defendant, while driving on Interstate 40 through the Laguna Pueblo, crashed his commercial tractor trailer into a row of stopped traffic while speeding and driving recklessly. The impact killed four occupants in

a Chevrolet Silverado and seriously injured two occupants in a Hummer H2. The case proceeded to trial. On September 27, 2022, a jury convicted Defendant of all six counts charged in the indictment. Doc. 226. After the verdict the Court remanded Defendant into custody pending sentencing pursuant to 18 U.S.C. § 3143. The instant motion for release followed.

## APPLICABLE LAW

"There is a presumption of detention pending sentencing." *United States v. Johnson*, 652 F. App'x 619, 621 (10th Cir. 2016). The controlling statute requires that a Defendant be detained post-conviction unless the Court "finds by clear and convincing evidence that the person is [1] not likely to flee or [2] pose a danger to the safety of another person or the community if released [on personal recognizance, unsecured appearance bond, or conditions] under section 3142(b) or (c)." *Id.* (quoting 18 U.S.C. § 3143(a)(1)). "To secure release after a guilty verdict," it is the defendant's burden to rebut the presumption that he is a flight risk and a danger to the community with clear and convincing evidence. *Id*.

In evaluating whether a defendant has met his burden under 18 U.S.C. § 3143(a)(1), a court may consider the pretrial detention factors set out in 18 U.S.C. § 3142(g). *See, e.g.*, *United States v. Enriquez,* No. CR 11-1669 JB, 2011 WL 5220233, at *6 (D.N.M. Sept. 7, 2011); *United States v. Wills*, No. 19-40013-03-DDC, 2020 WL 1873622, at *2 (D. Kan. April 15, 2020) (citations omitted); *United States v. Vance*, 851 F.2d 166, 169-70 (6th Cir. 1988). The factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release. 18 U.S.C. § 3142(g)(1-4).

## DISCUSSION

I. **Defendant failed to rebut the presumption that he is a flight risk.**

Defendant argues that he is not a flight risk because he has appeared at prior hearings while on pretrial release, has strong family ties, is gainfully employed, and is willing to secure his home as collateral to assure appearance at sentencing. The United States responds that Defendant's submissions do not constitute clear and convincing evidence that he is not a flight risk. The United States points out Defendant resides in Florida, has expressed difficulty in travelling to New Mexico for hearings, and now faces a significant term of incarceration. Upon review of Defendant's arguments and the § 3142(g) factors, the Court concludes that Defendant continues to pose a risk of flight and has failed to rebut the presumption of detention.

First, the nature and circumstances of the offense and the weight of the evidence suggest that Defendant is a flight risk. "[N]umerous guilty verdicts and the prospect of substantial sentences create a high probability of flight." *United States v. Dago*, 813 F. Supp. 736 (D. Colo. 1992) (finding that defendant's strong family ties and timely appearance at pretrial proceedings failed to rebut presumption of flight) (overruled on other grounds). A jury convicted Defendant, beyond a reasonable doubt, of killing four people and seriously injuring two others by crashing his commercial tractor trailer into a row of stopped traffic while speeding on Interstate 40. On one count alone of involuntary manslaughter by reckless operation of a vehicle, Defendant faces a Guidelines sentencing range of 41-51 months imprisonment, based on an offense level of 22, criminal history category of I. U.S.S.G. § 2A1.4. Similarly, Defendant faces a Guidelines sentence of 30-37 months imprisonment for one count of assault resulting in serious bodily injury based on an offense level of 19, criminal history category of I. U.S.S.G. § 2A2.2. Given the seriousness of Defendant's conduct, the strength of the evidence presented against him at

trial, and the Guidelines sentence he is facing, the court finds that § 3142(g)(1) and (2) weigh in favor of detention. *See Enriquez*, 2011 WL 5220233 at *6-7 (finding that strong evidence supporting guilty plea and potential 70-month sentence gave Defendant a "great" incentive to flee).

      Second, the Court has concerns about Defendant's history and characteristics—particularly his out-of-state residence in Florida. The Court acknowledges that Defendant has no criminal history. He has also been compliant with his pretrial conditions of release. However, Defendant does not have strong ties to New Mexico. He is before the Court solely because his occupation as a long-haul truck driver resulted in him travelling on Interstate 40 through New Mexico. As Defendant points out, he has "strong family and community ties" to Florida, not the forum state. Doc. 228 at 3. Defendant even petitioned the Court to appear remotely for two pretrial hearings because travelling to New Mexico was a hardship for him. Doc. 157. Furthermore, the Court is unconvinced that conditions of release will adequately mitigate the risk of flight under the circumstances. "While an electronic bracelet may somewhat mitigate the risk of flight, realistically, a defendant can take off long before the USPO and the United States Marshals realize that he has fled, putting great distance between the defendant and the police." *United States v. Baker*, 349 F. Supp. 3d 1113, 1134 (D.N.M. 2018) (finding that lack of ties to New Mexico favored pretrial detention). This is particularly concerning when Defendant intends to reside over one thousand miles away from the Court if released pending sentencing.

      Lastly, the Court assigns little weight to Defendant's willingness to secure his bond by posting his home as collateral. Defendant has presented no evidence that he owns his home outright without any mortgage or other encumbrance on his home. Additionally, assuming the Defendant has significant equity in his home, the Court has no idea whether there is the potential

that the Defendant could lose what equity he has in his home in the aftermath of his conviction, "making bond forfeiture an insignificant factor in considering whether to flee." *United States v. Ruiz-Corral*, F. Supp. 2d 1995, 1198-99 (D. Col. 2004). In sum, the Court "believes that not even posting the home as security for the bond would adequately ensure defendant's appearances in this case, given the severe potential sentence(s) facing defendant." *Id.*

While the Court is cognizant of Defendant's performance on pretrial release and his lack of criminal history, he now faces the real prospect of a lengthy term of incarceration. Given his lack of ties to New Mexico, the Court remains concerned that he will abscond in the face of such a sentence. Accordingly, the Court finds that Defendant has not presented clear and convincing evidence to overcome the presumption that he is a flight risk.[1]

## CONCLUSION

There is a presumption of detention pending sentencing. For the reasons stated in this Opinion, the Court finds pursuant to 18 U.S.C. § 3143(a)(1) that Defendant has failed to rebut that presumption with clear and convincing evidence showing that he is not a flight risk. Accordingly, Defendant's Motion for Release Pending Sentencing [Doc. 228] is **DENIED**. Defendant shall remain detained pending his sentencing hearing.

**IT IS SO ORDERED.**

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Because the Court finds Defendant has not demonstrated by clear and convincing evidence that he is not a flight risk, it need not reach the issue of whether Defendant is a danger to the community.